# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EARL L. MILLER,

        Plaintiff,

        v.                                        Case No. 09-C-1027

MICHAEL THURMER, WARDEN MICHAEL MEISNER,
REX SMITH, RICK RAEMISCH, COREY F. ODOM, JR,
JOSE CARRILLO, LYLE A. BALISTRERI, BILL G. SMITH,
DEBRA J. PICKETT, HOWARD TEBEEST, and ANN BAILEY,

        Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #6)

        The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 along with a petition for leave to proceed *in forma pauperis*. On March 26, 2010, the court screened the complaint under 28 U.S.C. § 1915A and dismissed the action without prejudice for failure to exhaust administrative remedies. Judgment was entered on that date. Before the court is the plaintiff's motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e).

        Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence, an intervening change in the law, or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

Ordinarily, Rule 59(e) motions are not vehicles for introducing new evidence or advancing arguments that could or should have been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

In his complaint, the plaintiff claimed that the defendants were liable under the Eighth Amendment for failing to protect his personal health and safety by deliberately removing the safety mechanism on the brake press on which he was forced to work, resulting in severe injury. The plaintiff further claimed that while he was under the defendants' care and supervision, their deliberate indifference led to the amputation of his hand. Additionally, he claimed that the defendants were liable under the Wisconsin Safe Workplace Statute, Wisconsin Statute § 101.11(1)(2)(a). The complaint was dismissed for failure to exhaust administrative remedies because it demonstrated that his inmate complaint has been rejected as untimely filed. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require").

The PLRA's exhaustion requirement states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The plaintiff contends that his case should not have been dismissed because the issues cited within his complaint were not "prison conditions," citing *Almahdi v. Ridge*, 201 Fed. Appx.

2

865, 868 (3d Cir. 2006) (unpublished)[1]. According to the plaintiff, his claims against defendants Howard Tebeest and Ann Bailey should have survived because they are safety inspectors employed by Badger State Industries (BSI), which is separate from the Wisconsin Department of Corrections (DOC), and that his attorney and prison officials told him he did not have to exhaust as to those defendants. The plaintiff also asserts that he was confused as to whether exhaustion was applicable to his claims at all, "given the fact that the Wis. Admin. Code § DOC 310 Rule regarding grievances were unclear about outside agencies." (Motion for Reconsideration at 3.) Additionally, the plaintiff submits that he believed "this advice," until an inmate informed him that he had to exhaust his medical claims against DOC officials at which time the plaintiff asked several inmates to write out the documents for him. As a consequence, the plaintiff offers that it was reasonable for him "to believe that his complaints filed against a BSI agency would have been outside of the scope of the ICRS, and that the ICE would have no legal jurisdiction to abate or punish a separate agency from the DOC." (Motion at 4.)

Here, the plaintiff has asserted classic "prison conditions" claims to which the PLRA's exhaustion requirement applies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (PLRA exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Moreover, Badger State Industries is a prison industry program operated by the DOC's Bureau of Correctional Enterprises. *See* Wis. Stat. § 303.01(1) ("The

---

[1] In *Almahdi*, the court held that a federal inmate was not obligated under the PLRA to exhaust his administrative remedies as to his claim that his constitutional due process rights were violated when the Department of Homeland Security improperly placed his name on a watch list, an action that occurred outside the prison gates, because the claim was neither about a condition of his confinement nor a civil action about effects of actions by government officials on the lives of persons confined in prison. *Id.* at 867-68.

3

department [DOC], with the approval of the prison industries board . . ., may establish industries for the employment of inmates in the state prisons"); *see also*, Wis. Admin. Code chapter DOC 313. Wisconsin Department of Corrections civil service employees perform educational, supervisory, administrative, and security functions for the programs. *See George v. Badger State Indus.*, 827 F. Supp. 584, 585 (W.D. Wis. 1993). The court has not been directed to an authority indicating that an inmate claim against a DOC employee who performs duties with respect to such programs does not need to exhaust his administrative remedies. On the other hand, the Wisconsin Administrative Code, provides that the plaintiff is required to exhaust such claims. *See* Wis. Admin. Code § 310.05 ("Before an inmate may commence a civil action or special proceedings against any officer, employee or agent of the department in the officer's, employee's or agent's official or individual capacity for acts or omissions committed while carrying out that person's duties as an officer, employee or agent or while acting within the scope of the person's office, the inmate shall exhaust all administrative remedies that the department of corrections has promulgated by rule."); Wis. Admin. Code § 310.08(1) ("An inmate may use the ICRS [Inmate Complaint Review System] to raise issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints in accordance with this chapter").

While a prisoner must properly exhaust the administrative remedies within the prison before suing over prison conditions, *see* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002), he need exhaust only the remedies "available" to him. A remedy becomes

4

Case 2:09-cv-01027-CNC   Filed 05/06/10   Page 4 of 7   Document 8

"unavailable" if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prison from exhausting. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citations omitted); *see also Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (prison officials allegedly refused to give prisoner necessary forms); *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002) (untimely grievance would be excused if prison official told prisoner to wait before filing it).

Earlier, the court dismissed the complaint in this action due to plaintiff's failure to exhaust his administrative remedies because it was clear from the record that he failed to proceed as required. Such dismissals have been approved by the Seventh Circuit. *See Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002); *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 858 (7th Cir. 2002). However, the assertions set forth in the *pro se* plaintiff's motion for reconsideration suggest that administrative remedies may not have been "available" to him because prison officials told him that he did not have to exhaust.

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be reopened.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the state defendants.

5

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Charles N. Clevert
> ℅ Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of May, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge