# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EARL L. MILLER,

       Plaintiff,

       v.                                Case No. 09-CV-1027

MICHAEL THURMER, WARDEN MICHAEL MEISNER,
REX SMITH, RICK RAEMISCH,
COREY F. ODOM, JR., JOSE CARRILLO,
LYLE A. BALISTRERI, BILL G. SMITH,
DEBRA J. PICKETT, HOWARD TEBEEST,
and ANN BAILEY,

       Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. #20)

The plaintiff, a Wisconsin state prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. This matter is before the court on defendants' motion for summary judgment for failure to exhaust administrative remedies.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477

U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## BACKGROUND OF THE CASE

This action arises from an incident at Waupun Correctional Institution (WCI), where plaintiff is incarcerated. According to the complaint, plaintiff was employed by Badger State Industries, where he ran a brake press in the metal furniture building. On September 14, 2007, plaintiff's boot inadvertently came into contact with the floor activation button, causing the press to crush his left wrist. About one hour later, an ambulance arrived at WCI and transported plaintiff to the Waupun Memorial Hospital. Due to the severity of his injuries, plaintiff was transported by emergency Med Flight to the University of Wisconsin Hospital in Madison, Wisconsin. He underwent a twelve-hour surgery during which "left ulnar artery reanastomisis with vein interposition graft, multiple extensor and flexor tendon repairs, nerve repair, and pinning of the capitate bone" were performed.

(Compl., Ex. D.)   Plaintiff was returned to WCI on September 15, 2007.   Following complications, plaintiff returned to the University of Wisconsin Hospital where his left hand was amputated.

Plaintiff claims that defendants are liable under the Eighth Amendment for failing to protect his personal health and safety by deliberately removing the safety mechanism on the brake press on which he was forced to work.  He further claims that while he was under the defendants' care and supervision, their deliberate indifference led to the amputation of his hand.  Additionally, he asserts that defendants are liable under the Wisconsin Safe Workplace Statute, Wisconsin Statute § 101.11(1)(2)(a).

Upon screening the complaint, the court dismissed the case for failure to exhaust administrative remedies because the complaint and its attachments indicated that the plaintiff's related inmate complaint had been rejected as untimely.  (Court's Order of March 26, 2010.) However, plaintiff's motion for reconsideration was granted and this case was reopened based on a finding that administrative remedies may not have been available to the plaintiff.  (Court's Order of May 6, 2010.)

## FACTS[1]

The Wisconsin Department of Corrections (DOC) maintains an Inmate Complaint Review System (ICRS) in adult correctional facilities to afford inmates a process by which grievances may be expeditiously raised, investigated, and decided.  *See* Wis. Admin Code Ch. DOC 310.

---

[1] Facts are taken from Defendants' Proposed Findings of Fact, plaintiff's response to defendants' proposed facts, and the Affidavit of Earl Miller.  Facts are included to the extent they comply with Federal Rule of Civil Procedure 56(c).

Before an inmate may commence a civil action or special proceeding against an officer, employee, or agent of the DOC, the inmate must exhaust all administrative remedies the DOC has promulgated by rule. Wis. Admin. Code § DOC 310.05. An inmate begins the ICRS process by filing a complaint with the inmate complaint examiner at the institution where the inmate is housed. Wis. Admin. Code § DOC 310.09. The inmate complaint examiner reviews and investigates the inmate complaint at the institution level, within the parameters set forth in Wis. Admin. Code § DOC 310.11. A recommendation is made by the inmate complaint examiner to the "appropriate reviewing authority," meaning the warden, bureau director, administrator, or designee who is authorized to review and decide an inmate complaint at the institution level. Wis. Admin. Code §§ DOC 310.11(4), 310.03(2). If the appropriate reviewing authority makes an adverse decision on an ICRS complaint, the inmate may appeal the institution level decision by filing a written request for review with the corrections complaint examiner. Wis. Admin. Code §§ DOC 310.07(4), (6) and (7), 310.13. To exhaust administrative remedies, an inmate must complete the appeal process through the corrections complaint examiner's office, which results in a decision by the Office of the Secretary. Wis. Admin Code §§ DOC 310.07(7) and 310.14.

The inmate complaint examiner is required to return, and not process, submissions from inmates that do not meet the requirements for inmate complaints as set forth in DOC 310.09(1). *See* Wis. Admin. Code § DOC 310.09(3). Under DOC 310.09(1), inmate complaints shall "contain only one issue . . . and shall clearly identify the issue." Wis. Admin. Code § DOC 310.09(1)(e).

Submitting an inmate complaint beyond fourteen calendar days from the date of the occurrence giving rise to the complaint, and providing no good cause for the inmate complaint examiner to extend the time limit, is grounds for rejecting a complaint at the institutional level. Wis. Admin. Code § DOC 310.11(5)(d). A rejected complaint may be appealed within ten calendar days to the appropriate reviewing authority who shall only review the basis for the rejection. Wis. Admin. Code § DOC 310.11(6). The corrections complaint examiner shall not review a rejected complaint. Wis. Admin. Code § DOC 310.13(3).

Plaintiff attempted to file an inmate complaint on December 21, 2007, related to the September 14, 2007 accident and subsequent events. In that inmate complaint, plaintiff complained of: (1) an alleged missing safety device on the brake press machine; (2) the medical care he received from WCI; and (3) the hospital care he received. (Gozinske Aff. ¶ 16; Ex. 1002.) The complaint was returned to him without being processed because it contained multiple issues, in violation of DOC 310.09(1)(e). On December 21, 2007, Inmate Complaint Examiner Angelia Kroll returned plaintiff's complaint materials to him, with a memorandum indicating the reason for the return. (Gozinske Aff. ¶ 17, Ex. 1002.) It stated, "Your complaint materials received on December 21, 2007 are being returned because: Complaints shall contain only one issue and that issue shall be clearly identified [DOC 310.09(1)(e)]." (*Id.*) The memo also specified: "Multiple issues. 1) machine safety; 2) WCI medical care; 3) hospital care." (*Id.*)

On December 26, 2007, plaintiff filed inmate complaint WCI-2007-37935, limited to the single issue of workplace safety. (Gozinske Aff. ¶ 20; Ex. 1003.) At the end

of the inmate complaint, plaintiff provided the following explanation for the tardiness of the

complaint:

> The reason for this here complaint beyond the calendar date
> is that I was in the hospital due to my injury. I've been under
> heavy dosage of medication in order to sustain the pain of my
> injury ever since my accident. Due to the medication I have
> not been very functional. Just recently Doctor Sumnicht
> lowered the dosage of my medication as I am and always will
> be dealing with the amputation of my left hand.
>
> I encourage you to please contact HSU Head Nurse Ms.
> Belinda Schrubbe, to clarify said medical situation.

(*Id.*)

On January 13, 2008, the inmate complaint examiner rejected

WCI-2007-37935 because it was filed beyond the fourteen day calendar limit, in violation

of DOC 310.09(6). (Gozinske Aff. ¶ 22; Ex. 1003.) The ICE Rejection form contains the

following "Rejection Comment":

> Inmate Miller files this complaint in regards to an accident that
> happened in BSI metal furniture on 9/14/07. The complaint
> was first received in the complaint department on 12/21/07, but
> was returned for containing multiple issues. The resubmission
> was received on 12/26/07. Inmate Miller is requesting an
> exception on the time limits due to medical reasons. He states
> that he has been under medical care, in the hospital, and
> under heavy doses of medication due to the accident occurring
> on 9/14/07.
>
> I have contacted several WCI staff including BSI staff, HSM
> Schrubbe, and Business Office staffing regards to the request
> for a time limits extension. According to BSI staff interviewed,
> inmate Miller has been back to work since 10/31/07. I have
> found that he has ordered canteen, completed requests for
> postage and copies from the Library since the beginning of
> October. HSM Schrubbe verifies he has been under medical
> care and on pain medication, but he has been functioning in all
> other capacities in the institution, with the exception of being
> on sick cell until the end of October when he returned to work.

6

DOC 310.09(6) states that an inmate shall file a complaint within 14 calendar days after the occurrence giving rise to the complaint. It is well beyond the 14-day time limit to file a complaint with respect to an incident in September 2007. While it appears as the complainant may have originally needed some time extension, based on the above information it does not appear as he would have been inhibited this entire time.

This complaint is rejected as it fails to adhere to the stated filing requirement.

(*Id.*)

The parties dispute whether plaintiff filed an appeal of the complaint rejection to the appropriate reviewing authority. Plaintiff avers that he filed an appeal of the rejected complaint and provides a copy of the appeal in his summary judgment response materials. The Request for Review of Rejected Complaint WCI-2007-37935, dated January 5, 2008, states:

On 1-3-08, my complaint was rejected by the complaint system as whom said that I did not adhere to the 14 calendar day limit! I explained that I lost my left hand, the reason for said complaint was beyond the calendar date was that I in the hospital due to my injuries. I w[as] under heavy dosage of medication in order to sustain such pain cause of my injuries ever since my accident. Due to the medication I was not very functional. Just recently Dr. Sumnicht lowered the dosage of my medication as I am and always will be dealing with the amputation of my left hand!! This is why strongly disagree with such rejection of my complaint!!

I encourage to please contact HSU Head Nurse Ms. Belinda Schrubbe to clarify said medical situation.

(Plaintiff's Exhibit 5.)[2]

---

[2] Confusingly, in his response to defendants' proposed findings of facts, plaintiff asserts that although WCI-2007-37935 was rejected on January 3, 2008, he did not receive the rejected complaint decision until

Defendants have no record of plaintiff appealing the rejection of complaint

WCI-2007-37935 to the appropriate reviewing authority, which in this case would have

been WCI Warden Michael Thurmer.  According to defendants, if plaintiff had filed an

appeal, he would have been issued a receipt from the inmate complaint examiner's office

acknowledging his appeal.  The receipt would have given the date in which his appeal was

received and the issuance of the receipt would have been recorded in the DOC's Inmate

Complaint Tracking System database.

Notwithstanding the factual dispute over whether plaintiff filed an appeal of

the rejection of WCI-2007-37935, plaintiff avers that Sergeant Vander Galein and Officer

Kastein misled him regarding exhaustion.  (Miller Aff. ¶ 2.)  Specifically, plaintiff submits:

> Sgt. Vander Galein did mislead me as of exhaustion, and he's
> being untruthful and that given, his statement, I now know that
> it was an intentional deception, to protect his colleagues.
> Given that he's an official, he knows that he'd be more
> believable over an inmate and is using that to his advantage to
> sabotage my suit.
>
> Vander Galein wasn't the only prison official that misled me,
> C/O II K. Kastein too advised me wrongly.  As exhibited
> attached to this Affidavit.  I sent Officer Kastein a DOC-643
> Interview/Information Request Form asking questions
> pertaining to if he recall[ed] such advice he'd given me during
> my ordeal.  Officer Kastein responded and answered such
> questions in the order concerning advice about filing a
> complaint, informing me that I couldn't file a complaint against
> B.S.I. because Waupun has no control over B.S.I.

(Miller Aff. ¶¶ 4-5, Ex. A.)

---

August 3, 2008, and he filed his appeal on August 5, 2008.  (Pl.'s Resp. to Defs.' Facts ¶ 32.)  However, as indicated, the appeal form plaintiff provides in his Exhibit E is dated January 5, 2008.

Donald Vander Galien was employed by the DOC at WCI from October 1982 until his retirement in January 2009. He was promoted to correctional sergeant in July 2000 and he remained in that position until his retirement. Vander Galien, who had no involvement in the incident underlying this lawsuit, recalls the injury plaintiff suffered to his left hand in September 2007, and that plaintiff's hand was amputated. At the time of the accident, plaintiff resided in WCI's southwest cell hall, where Vander Galien was the cell hall sergeant. Vander Galein does not recall ever having a conversation with plaintiff about this case or his need to exhaust administrative remedies.

## ANALYSIS

Defendants contend the court should grant their motion for summary judgment because plaintiff failed to exhaust his administrative remedies. Plaintiff contends the court should not dismiss the case for failure to exhaust because WCI obstructed his attempt to comply with exhaustion requirements.

The Prison Litigation Reform Act (PLRA) provides in pertinent part:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA requires "proper exhaustion," meaning that a prisoner must complete the

administrative review process in accordance with the applicable procedural rules, including deadlines.  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion is an affirmative defense, and the burden of proof is on the defendants.  *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

In this case, the accident at issue occurred on September 14, 2007, and plaintiff's left hand was amputated on September 24, 2007.  Plaintiff's first inmate complaint was submitted December 21, 2007, and was returned because it contained more than one issue, contrary to Wis. Admin. Code § DOC 310.09(1)(e).  On December 26, 2007, plaintiff filed WCI-2007-37935, a proper one-issue complaint related to work place safety, and requested an exception to the fourteen-day time limit due to medical reasons. However, WCI-2007-37935 was rejected on January 3, 2008, as untimely filed.

## 1. WCI-2007-37935

The parties dispute whether plaintiff appealed the rejection of WCI-2007-37935 to the appropriate reviewing authority.  According to plaintiff, he filed an appeal in which his asserted reason for his untimely inmate complaint was that he had been in the hospital due to his injuries, was under heavy dosage of medication, was not very functional due to the medication, and that the medication dosage was recently lowered.  According to defendants, there is no record of plaintiff having filed an appeal of the rejection of WCI-2007-37935.  It is undisputed that defendants did not receive an appeal and did not review

10

the rejection on appeal.[3]  The factual dispute over whether plaintiff appealed the rejection

of WCI-2007-37935 to the appropriate reviewing authority cannot be resolved at summary

judgment.  The court will address the procedure to be followed to resolve this factual

dispute at the end of this order.

## 2. Availability of Administrative Remedies

Plaintiff contends that administrative remedies were unavailable to him

because Sergeant Vander Galein and Officer Kastein gave him "deficient advice" and

"misinformation" regarding the exhaustion process.  (Pl.'s Br. at 5.)  Specifically, plaintiff

provides evidence that Officer Kastein told him he could not file an inmate complaint

against Badger State Industries because WCI had no control over it.  (Pl.'s Ex. A.)  He

asserts that he concluded he did not have to exhaust against Badger States Industries.

Plaintiff further asserts that he "lacked the capacity to be able to diversify his claims, when

believing everything stemmed from B.S.I."  (Pl.'s Br. at 7.)

Inmates are not required to exhaust all administrative remedies, only those

that are available.  *Woodford*, 548 U.S. at 102; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.

2006).  Whether a remedy is "available" is not a matter of what appears on paper, but,

rather, whether the paper process was in reality open for the prisoner to pursue.  *Kaba*,

458 F.3d at 684.  There are several ways that an administrative process might not be

available to a prisoner.  *Id.*  For example, if grievances must be filed on a particular form,

but the forms are not provided, there is no "available" remedy, despite the hypothetical

---

[3] Defendants also contend that plaintiff's exhibit showing he did submit the appeal is fraudulent because plaintiff's name overlaps on the original and purported copy.  However, the court is unable determine the exhibit is fraudulent.

possibility. *Dale*, 376 F.3d at 656. Likewise, threatening a prisoner with violence for attempting to use an administrative process makes the process unavailable. *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004). If a prisoner is told to wait to file a grievance, and the wait renders the claim untimely, the process will be unavailable as well. *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002). Not responding to a prisoner's grievance, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), or engaging in affirmative misconduct, *Dole*, 438 F.3d at 809, will also make the process unavailable. Finally, a remedy is not "available" within the meaning of the PLRA to a person physically unable to pursue it. *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011). In determining whether a remedy was available, the court should focus on whether the plaintiff did all he could to avail himself of the administrative remedy; if he followed the prescribed steps and could do nothing more, then available remedies were exhausted. *Dole*, 438 F.3d at 811.

As an initial matter, plaintiff does not provide specifics as to what Sergeant Vander Galein said to mislead him. *See Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) ("Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in the lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.") (internal quotation marks and citations omitted)). *See also Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002) ("It is well-settled that conclusory allegations . . . without support in the record, do not create a triable issue of fact.").

Although it is undisputed that Officer Kastein told plaintiff he did not need to file a grievance as to Badger State Industries, the record does not indicate when he made

12

that statement. In any event, plaintiff eventually filed an inmate complaint related to workplace safety. Moreover, plaintiff did not argue to the ICRS as a justification for filing an untimely inmate complaint that he was misled by Officer Kastein. Finally, the memorandum that accompanied the initial complaint was clear - it advised that the complaint was being returned because it contained multiple issues and also identified the issues. Plaintiff followed up with a proper single issue complaint on the issue of workplace safety, albeit an untimely one.

The grievance process allows a complaint examiner to excuse a late filing upon a showing of good cause, Wis. Admin. Code § DOC 310.09(6), but plaintiff never attempted to make such a showing on the grounds of being misled. It is not for the court to determine what kinds of complaints the state should allow to be filed tardy, or else the state's time limit could simply be ignored and an inmate could come straight to federal court.

> Because the purpose of the exhaustion rule is to allow prison officials the opportunity to address minor procedural problems in the first instance, we have held that a prisoner fails to exhaust his remedies if he does not take advantage of a procedure for reconsidering untimely filings. *Cannon v. Washington*, 418 F.3d 714, 718-19 (7th Cir. 2005) (per curiam). Mr. Edmondson gives no reason for not raising the claim that he raises here before the DOC . . .

*Edmondson v. McCaughtry*, 157 Fed. Appx. 908, 910 (7th Cir. 2005) (unpublished); *see also Pozo*, 286 F.3d at 1025 (prisoner must file complaints and appeals "in the place, and at the time, the prison's administrative rules require").

13

**3. Equitable Estoppel**

Plaintiff contends that defendants are estopped from arguing he failed to exhaust administrative remedies because, (1) he was confused by the exhaustion process and thought that when his first, multiple-issue inmate complaint was returned, he could modify the length of the inmate complaint, and did not need to file three separate inmate complaints regarding the incident; (2) it would have been futile to file a separate inmate complaint on the medical care issue because it would have been rejected as untimely; and (3) he filed an appeal following the rejection of WCI-2007-37935, but the appeal was not acknowledged. (Pl.'s Br. at 9-13.)

The Seventh Circuit Court of Appeals has avoided deciding whether equitable estoppel applies to the PLRA's exhaustion requirement. *See Kaba*, 458 F.3d at 687; *Lewis,* 300 F.3d at 834. To establish equitable estoppel, plaintiff would have to show: (1) a misrepresentation by the defendants, (2) reasonable reliance on that misrepresentation, and (3) a detriment stemming from that reliance. *Lewis,* 300 F.3d at 834; *see also Powell v. Davis,* 415 F.3d 722, 728 (7th Cir. 2005). Additionally, because the defendants are government actors, plaintiff must show affirmative misconduct, in the nature of an affirmative act to misrepresent or mislead. *Lewis,* 300 F.3d at 834. In this case, plaintiff cannot satisfy the requirements for establishing equitable estoppel inasmuch as he has not shown that he relied on Officer Kastein's representation that he did not have to file an inmate complaint against Badger State Industries. Moreover, the record shows that plaintiff filed an inmate complaint on work place safety despite Officer Kastein's erroneous information.

**4. Summary**

In sum, plaintiff filed WCI-2007-37935 which raised the issue of workplace safety, which implicates an Eighth Amendment claim of failure to protect and Wisconsin state law claims. However, plaintiff did not file an inmate complaint related to his Eighth Amendment medical care claim and, thereby failed to exhaust it. Accordingly, defendants are entitled to summary judgment and dismissal of plaintiff's medical care claim.

## PROCEDURE FOR RESOLUTION OF FACTUAL DISPUTE

As indicated above, there is a factual dispute as to whether plaintiff filed an appeal of WCI-2007-37935. Assuming plaintiff did file an appeal, the reviewing authority could have affirmed the rejection of WCI-2007-37935 as untimely, in which case it would mean that plaintiff failed to exhaust administrative remedies. *See Pozo*, 286 F.3d at 1025; *Woodford*, 548 U.S. at 88, 93. (If it is determined that plaintiff did not file an appeal, then dismissal for failure to exhaust is also proper.) Alternatively, the reviewing authority could have decided that WCI-2007-37935 should not have been rejected as untimely in which case plaintiff would have had the opportunity to have WCI-2007-37935 considered on the merits, thereby completing the exhaustion process.

In *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the court set forth the sequence to be followed in a case in which exhaustion is contested:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating only to exhaustion he deems appropriate; (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison

15

officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the plaintiff's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted administrative remedies.

Further, the court emphasized that in the ordinary case, discovery with respect to the merits should be deferred until the issue of exhaustion is resolved in order to achieve the statutory goal of sparing federal courts the burden of prisoner litigation unless and until a prisoner has exhausted his administrative remedies. *Id.* Consequently,

**IT IS ORDERED** that the defendants' motion for summary judgment (Docket #20) is **GRANTED** regarding plaintiff's medical care claim and **DENIED** regarding other claims plaintiff may have asserted in WCI-2007-37935.

**IT IS FURTHER ORDERED** that a telephonic scheduling conference is set for September 7, 2011, at 10:00 a.m. The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge

16