UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EARL L. MILLER,

    Plaintiff,

v.                        Case No. 09-CV-1027

MICHAEL THURMER, WARDEN MICHAEL MEISNER,
REX SMITH, RICK RAEMISCH, COREY F. ODOM, JR.,
JOSE CARRILLO, LYLE A. BALISTRERI,
BILL G. SMITH, DEBRA J. PICKETT,
HOWARD TEBEEST, and ANN BAILEY,

    Defendants.

ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE
TO EXHAUST ADMINISTRATIVE REMEDIES

On November 16, 2011, an evidentiary hearing was held on the issue of whether plaintiff exhausted available administrative remedies promulgated by the Wisconsin Department of Corrections and, thereby, is eligible to proceed against officers, employees and agents of the DOC. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); Wis. Admin. Code § DOC 310.05 et seq. Plaintiff appeared by video-conference and defendants appeared in person. The court made the following factual findings and concluded that plaintiff failed to exhaust his administrative remedies.

The work-related incident which is the basis for this lawsuit and which resulted in the amputation of plaintiff's left hand, occurred on September 14, 2007. Plaintiff hired an attorney shortly after the incident. In late October, 2007, he returned to work, in a supervisory capacity. Plaintiff filed disbursement requests with institution staff on October 1, 8, 17, 18, and 29, 2007, and on November 5, 13, 19, 26, and 28, both typed

and hand-written, which he prepared. (*See* Defs.' Ex. 1006.) At the time of his injury on September 14, plaintiff was aware of the Wisconsin Department of Corrections' exhaustion requirement, as he has been incarcerated since 1997 and has filed prior offender complaints. No one advised plaintiff that he did not have to exhaust his administrative remedies related to the September 14, 2007, incident. He filed his first offender complaint related to this case on December 21, 2007. That offender complaint was rejected because it contained more than one issue, contrary to Wis. Admin. Code § DOC 310.09(1)(e). On December 26, 2007, plaintiff filed WCI-2007-37935 and requested an exception to the fourteen-day time limit due to medical reasons. However, WCI-2007-37935 was rejected on January 3, 2008, because it was filed beyond the fourteen day calendar limit, in violation of DOC 310.09(6).

Plaintiff filed his offender complaint more than three months after the September 14, 2007 incident. There is no indication that he was physically unable to file a grievance before December 21, 2007, or that administrative remedies were otherwise unavailable to him prior that date. The inmate complaint examiner rejected WCI-2007-37935 as untimely filed and plaintiff has, therefore, failed to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Hence, this action is subject to dismissal without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Accordingly,

2

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE based on plaintiff's failure to exhaust his administrative remedies respecting the claims at issue.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2011.

BY THE COURT

/s/ C. N. Clevert, JR.
C. N. CLEVERT, JR.
Chief U.S. District Judge