# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EARL L. MILLER,

    Plaintiff,

v.                                                               Case No.   09-CV-1027
                                                                    Appeal No.  11-3780

MICHAEL THURMER, WARDEN MICHAEL MEISNER,
REX SMITH, RICK RAEMISCH,
COREY F. ODOM, JR., JOSE CARRILLO,
LYLE A. BALISTRERI, BILL G. SMITH,
DEBRA J. PICKETT, HOWARD TEBEEST,
and ANN BAILEY,

    Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO ALLOW REMAINDER OF APPEAL FEE TO BE PAID FROM RELEASE ACCOUNT (DOC. 52)

Plaintiff has filed a motion to pay the remainder of the appeal fee from his release account. In support of the motion, plaintiff asserts that he is a "lifer" with a parole date of 2030; his income is distributed with 50% to child support, a 10% release deduction, and now a 20% federal court filing fee deduction. Plaintiff does not have outside support therefore if 80% is deducted from his $.35 per hour work pay, he will have minimal funds to support his hygiene and health care needs.

The "release account" is established with a percentage of the inmate's income so that the inmate has sufficient funds to purchase release clothing, out-of-state transportation, and other items and services needed on release. Wis. Admin. Code § DOC 309.02(18). The fund is created by deducting "10% of all income earned by or received for

the benefit of the inmate, except from work release and study release funds under ch. DOC 324, until $5,000 is accumulated[.]" Wis. Admin. Code § DOC 309.466(1).

Despite these DOC regulations, courts have found that when a prisoner's general fund has insufficient funds to pay filing fees, the Wisconsin Prison Litigation Reform Act, Wis. Stat. § 814.29(1m), and the federal Prison Litigation Reform Act, 28 U.S.C. § 1915(b), authorize the entry of orders that the money in a prisoner's release account be made available to pay litigation costs. *Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (citing *Spence v. Cooke*, 222 Wis. 2d 530, 537 (Ct. App. 1998); *Spence v. McCaughtry*, 46 F. Supp. 2d 861 (E.D. Wis. 1999)). However, in this case, there is no indication that plaintiff's general fund is insufficient funds. Moreover, the case docket reflects regular and continuing installment filing fee payments in accordance with 28 U.S.C. § 1915(b)(2). Finally, the court is mindful, based on the trust account statement provided, that plaintiff's outstanding child support is $97.71 and will be paid off soon. Therefore,

IT IS ORDERED that plaintiff's motion for an order allowing remainder of his appeal fee to be paid from his release account (Doc. 52) is DENIED.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge